**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DOYLE, individually, and all others similarly situated, | |
| *Plaintiff*, | Civil Action No. 21-19935 |
| v. | **OPINION & ORDER** |
| ARETE FINANCIAL GROUP LLC, | |
| *Defendant*. | |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Robert Doyle seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Here, Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, however, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for

failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (internal quotation marks omitted). If jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). A federal court has jurisdiction in a civil case when "a federal question is presented on the face of the plaintiff's properly pleaded complaint," *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 454 (D.N.J. July 24, 2007), or when there is diversity of citizenship under 28 U.S.C. § 1332. A court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 if the complaint "establishes that federal law create[s] the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 143 F. Supp. 3d 198, 202 (D.N.J. Nov. 5, 2015) (internal quotation marks omitted). Jurisdiction in this matter is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings his class claims pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Accordingly, this Court retains federal question jurisdiction over Plaintiff's Complaint.

When a plaintiff proceeds *pro se*, the Court construes the pleadings liberally and holds

them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* litigants who are attorneys, however, "are not accorded the same consideration as *pro se* litigants who lack substantial legal training." *Turner v. N.J. State Police*, 2017 U.S. Dist. LEXIS 48036, at *19, 20 (D.N.J. Mar. 29, 2017) (citing *Kenny v. United States*, 2009 U.S. Dist. LEXIS 8322, at *22 (D.N.J. Feb. 5, 2009) (explaining that "although the Court is generally compelled to construe a complaint liberally in matters involving *pro se* litigants," an attorney *pro se* litigant's complaint will not be so construed as the litigant "has substantial legal training and professional experience")); *see also Allen v. Aytch*, 535 F.2d 817, 821 n.21 (3d Cir. 1976) (declining to construe the complaint of a third year law student liberally because the student had "substantial legal training"). Instead, because an attorney *pro se* litigant "would be held to the standard of an attorney" in representing others, "it is not unfair to hold [the litigant] to the same standard when representing himself." *Turner*, 2017 U.S. Dist. LEXIS 48036, at *20. Accordingly, Plaintiff, who represents that he is an attorney, D.E. 1, (referred to hereinafter as "Compl.") ¶ 5, will not be accorded the same leniency as *pro se* litigants who lack "substantial legal training."

**I. Factual Background**

On November 12, 2021, Plaintiff Robert Doyle filed his Complaint against Defendant Arete Financial Group LLC ("Arete"). D.E. 1. Defendant is a company headquartered in California that "directs, markets, and provides business activities" throughout the United States. Compl. ¶¶ 6-7. Plaintiff alleges that on November 13, 2017, and possibly on other occasions, he was contacted on his personal cell phone by an automated dialing system using a prerecorded voice offering him debt consolidation services. *Id.* ¶¶ 24-25. Specifically, Plaintiff alleges that he received a call consisting of a prerecorded message from a male voice and subsequently a female voice. *Id.* ¶¶ 26-28. Doyle then spoke with two live representatives, one of whom stated that the

name of his company was Arete Financial and later sent Doyle an email from the address "chris.shklanko@aretefinancialfreedom.com." *Id.* ¶¶ 31-32, 35. Plaintiff alleges that the call was made by Defendant or a third party on Defendant's behalf, that Plaintiff did not consent to receiving this call, and that the call was for commercial purposes and not for emergency purposes. *Id.* ¶¶ 37, 38, 41. According to Plaintiff, this automated call violated 47 U.S.C. § 227(b)(1)(A)(i) of the TCPA. *Id.* ¶ 41. Plaintiff further claims that he was damaged because Defendant's calls used his cellular data, phone storage, and battery life; his privacy was wrongfully invaded; and he was forced to divert attention away from his work and other activities because of the calls. *Id.* ¶ 43.

Plaintiff brings this action "as a class action on behalf of himself, individually, and all other similarly situated persons, as a class action." *Id.* ¶ 44. Plaintiff seeks to represent the following class:

> All persons within the United States who, within the four years prior to the filing of this Complaint, received a call from Defendant, or anyone on Defendant's behalf, that employed a prerecorded or artificial voice to said persons' telephone numbers, advertising Defendant's services, without the recipients' prior express consent (the "Class" or the "Class Members").

*Id.* Plaintiff alleges upon information and belief that Defendant has made prerecorded voice calls "to thousands of consumers throughout the United States," and that the class members can be identified from Defendant's, or Defendant's agents', call records. *Id.* ¶¶ 47-48. Plaintiff alleges that "[t]here is a well-defined community of common questions of law and fact affecting the Plaintiff and members of the Class," and that Plaintiff's claims are typical of the claims of the members of the Class. *Id.* ¶¶ 49, 51. Plaintiff filed this action on his own behalf, but his Complaint states that he "has retained competent counsel" and will fairly and adequately protect the interests of the Class. *Id.* ¶ 52.

Count One alleges that Defendant violated § 227(b)(1)(A)(iii) of the TCPA by "initiating telephone calls that used artificial or prerecorded voices to deliver non-emergency telephone calls to…Plaintiff and the other members of the putative Class without their prior express written consent." *Id*. ¶ 59. Plaintiff adds that Defendant knew or should have known that their conduct violated the TCPA. *Id.* ¶¶ 61-62. Plaintiff requests an order certifying this case as a class action and appointing Plaintiff the representative of the class; a declaration that Defendant's actions knowingly and willfully violated the TCPA; an injunction requiring Defendant to cease all unsolicited prerecorded and/or artificial-voice calling activity; damages of $1,500 for Plaintiff and each member of the Class; and attorney's fees and costs. *Id.* at 10-11.

**II. Analysis**

Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372 (2012). Section 227(b)(1)(A) of the TCPA prohibits the use of an automatic telephone dialing system or a prerecorded voice to place calls to a cellular phone number without the called party's prior express consent.[1] In addition, Section 227(b)(3) provides that "[a] person or entity" may bring an action to enjoin a violation of the TCPA or to recover actual damages or "$500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3). Thus, to state a claim under this provision, a plaintiff must plead that "(1) a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system . . . and (3) without prior consent of the recipient." *Echevvaria v.*

---

[1] "The TCPA's prohibition on automated dialing applies to both voice calls and text messages." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013) (citing *In re Rules & Regulations Implementing the TCPA of 1991,* 27 F.C.C. Rcd. 15391, 15392 (F.C.C. Nov. 29, 2012)).

*Diversified Consultants, Inc.*, No. 13–4980, 2014 WL 929275, at *4 (S.D.N.Y. Feb. 28, 2014); *see also Snyder v. Perry*, No. 14-2090, 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015).

To plead a claim under the TCPA, "[p]laintiffs must do more than simply parrot the statutory language." *Snyder*, 2015 WL 1262591, at *8. While Plaintiff does not need to provide precise details as to each of the telephone calls, he must provide enough to put Defendant on notice of the allegedly offending messages. *See Johansen v. Vivant, Inc.*, No. 12-7159, 2012 WL 6590551, at *2 (N.D. Ill. Dec. 18, 2012) (finding that providing the dates for two phone calls plaintiff received was sufficient to put defendant on notice, despite there being additional messages that plaintiff did not include). Additionally, a plaintiff "must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an [automated telephone dialing system]." *Baranski v. NCO Fin. Sys., Inc.*, No. 13-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014).

Here, Plaintiff stylizes his Complaint as a class action "on behalf of himself, individually, and all other similarly situated persons, as a class action." Compl. ¶ 44. To successfully sustain a class action suit, a party must demonstrate that the proposed class action satisfies the requirements of Federal Rule of Civil Procedure 23. *Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 183-84 (3d Cir. 2001). To meet this burden, Plaintiff must satisfy the four prerequisites of Rule 23(a) and show that the action can be maintained under at least one of the three subsections of Rule 23(b). *Id.* Rule 23(a) requires a showing of (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *Behrend v. Comcast Corp.*, 655 F.3d 182, 189 (3d Cir. 2011), *rev'd in part on other grounds*, 569 U.S. 27 (2013). In other words, pursuant to Rule 23(a), a class action lawsuit can only be maintained if the following conditions are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law

or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defense of the class; and (4) the class representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). If the requirements of Rule 23(a) are satisfied, Rule 23(b) sets forth the types of class actions which may be maintained.

The Court finds that the adequacy of representation requirement is dispositive. To satisfy the requirements of Rule 23(a)(4), the class representative must have the ability to "fairly and adequately protect the interests of the class." The adequacy of the representation is dependent on two factors: "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007) (quoting *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975)). In other words, the adequacy requirement is satisfied by a showing that (1) class counsel is competent and qualified to conduct the litigation; and (2) class representatives have no conflicts of interests with the members of the class. The "linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class." *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012). The adequacy requirement in Rule 23(a) is designed to ensure that courts will "'evaluate [both] the named plaintiffs' and . . . counsel's ability to fairly and adequately represent class interests.'" *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 291 (3d Cir. 2010) (quoting *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 799 (3d Cir. 1995)).

Traditionally, questions concerning the adequacy of class counsel were analyzed "under the aegis of the adequate representation requirement of Rule 23(a)(4) . . . [however] those questions have, since 2003, been governed by Rule 23(g)." *Id.* at 292 (quoting *Sheinberg v. Sorensen*, 606

F.3d 130, 132 (3d Cir. 2010)). Rule 23(g) lists several non-exclusive factors that a district court must consider in determining "counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). These factors include the following:

> (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). A court is required to confirm that the proposed attorneys can "handle" the representation. *See New Directions Treatment Servs.*, 490 F.3d at 313; *Grasty v. Amalgamated Clothing & Textile Workers Union*, 828 F.2d 123, 128-29 (3d Cir. 1987), *overruled in part on other grounds* by *Reed v. United Transp. Union*, 488 U.S. 319 (1989) (noting that "the assurance of vigorous prosecution" by class counsel is a "significant factor" in the Rule 23(a)(4) analysis).

Courts have generally found that *pro se* plaintiffs *cannot* represent and protect the interests of the class fairly and adequately. *See Cahn v. U.S.*, 269 F. Supp.2d 537, 547 (D.N.J. 2003) (denying class certification reasoning that plaintiffs were "'without legal training' and 'not formally trained in the law'"); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993) (holding *pro se* prisoner litigants cannot "fairly and adequately" represent the interests of fellow inmates in a class action); *Krebs v. Rutgers, State Univ. of N.J.*, 797 F. Supp. 1246, 1261 (D.N.J. 1992) (denying class certification to *pro se* plaintiffs without sufficient legal education).

Here, Plaintiff fails to provide the Court with the information necessary to determine whether he can adequately represent the putative class. Plaintiff filed the Complaint on his own behalf and alleges that he is admitted to practice in New York. Compl. ¶ 5. Plaintiff also claims

that he "has retained competent counsel." *Id.* ¶ 52.  However, no counsel has made an appearance on behalf of Plaintiff.  Moreover, Plaintiff fails to include any qualifications of—or even identify—the class counsel he apparently retained.  Although Plaintiff appears to have no conflicts of interest with the putative class, Plaintiff fails to establish that he (as a *pro se* litigant) or unnamed retained counsel will be able to adequately represent the putative class members.  Critically, the Court has real concerns about Plaintiff's financial wherewithal to undertake this matter in light of the fact he is proceeding *in forma pauperis*.  Accordingly, Plaintiff has not met Rule 23(a)(4)'s requirements.[2]

When dismissing a cause of action brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with or without prejudice, thereby affording a plaintiff leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002).  A dismissal with prejudice means that Plaintiff is precluded from amending the Complaint and filing any future suit against Defendant concerning the allegations in the Complaint.  The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile.  *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).

At this point, the Court cannot conclude that Plaintiff's claims are futile.  Therefore, the Court shall dismiss Plaintiff's Complaint without prejudice, and provide Plaintiff thirty (30) days to file an amended complaint.  If Plaintiff continues *pro se*, the amended complaint must be brought on behalf of Plaintiff individually and not on behalf of a putative class.  If Plaintiff does not submit an amended complaint complying with this limitation within thirty days, the dismissal will then be

---

[2] To be clear, the Court is not finding that Plaintiff can meet the other requirements of Rule 23. Instead, the Court is not reaching the additional elements because the adequacy of representation is so lacking.

9

with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the Complaint.

Accordingly, and for good cause shown,

**IT IS** on this 12th day of May 2022,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, with leave to file an amended complaint that cures the deficiencies noted herein within thirty (30) days from entry of this Order. If Plaintiff fails to file a timely amended complaint, the Court will direct the Clerk of Court to dismiss the Complaint with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Plaintiff by certified mail, return receipt requested.

_____
John Michael Vazquez, U.S.D.J.