Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr><td>

ROBERT DOYLE, individually,
and all others similarly situated,

   *Plaintiff,*

  v.

ARETE FINANCIAL GROUP LLC,

   *Defendant.*

</td><td>

Civil Action No. 21-19935

**OPINION & ORDER**

</td></tr>
</table>

**John Michael Vazquez, U.S.D.J.**

   Plaintiff Robert Doyle brought this putative class action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915, alleging violations of the Telephone Consumer Protection Act on behalf of himself and others similarly situated. *See* D.E. 1. On May 12, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). D.E. 3. The Complaint was dismissed because Plaintiff failed to establish that he met the requirements of Federal Rule of Civil Procedure 23(a)(4), which requires that a plaintiff seeking to represent a class be able to "fairly and adequately protect the interests of the class." D.E. 3 at 9. The Court, however, granted Plaintiff thirty days to file an amended complaint curing that deficiency, and warned that failure to do so would result in dismissal of Plaintiff's Complaint with prejudice. *Id.* at 10. Plaintiff failed to amend the Complaint, and the Court ordered that the Complaint be dismissed with prejudice on June 30, 2022. D.E. 4. Nearly two months later, the present motion was filed and seeks to reassign the

case and alternatively to vacate the orders of dismissal. D.E. 5. For the following reasons, Plaintiff's motion is **DENIED**.

At the outset, Plaintiff, a licensed attorney, has failed to follow any appropriate procedure to obtain relief from the Court's Orders. As noted above, the Court dismissed Plaintiff's Complaint without prejudice on May 12, 2022. D.E. 3. Plaintiff did not make a timely motion for reconsideration of that Opinion and Order. *See City of Johnstown v. Vora*, 481 F. App'x 37, 38 (3d Cir. 2012) (noting that a motion for reconsideration is construed under Fed. R. Civ. P. 59(e), and that a party has 28 days after the entry of the order to file such a motion). Plaintiff also failed to file an amended pleading, despite the Court's instructions in its May 12, 2022 Opinion and Order that Plaintiff had thirty days to do so. Plaintiff provides no explanation for either failure. As a result, and with prior notice, the Court dismissed the matter with prejudice on June 30, 2022— well after the thirty-day deadline had expired to file an amended pleading. *See* D.E. 4. Plaintiff did not appeal this dismissal and again offers no explanation for his inaction. Thus, it appears that Plaintiff may only seek relief from the final judgment pursuant to Fed. R. Civ. P. 60, but Plaintiff has not done so. As a licensed attorney, Plaintiff is well aware of the proper procedural options available to him, but nonetheless failed to pursue them. For these reasons, the present motion is denied.

Even if the Court were to reach the merits[1] of Plaintiff's motion, the result would be the same. Plaintiff's motion first seeks to randomly reassign this matter on the ground that Local Civil Rule 40.1(c) is an unconstitutional violation of his equal protection rights under the Fifth and Fourteenth Amendments. The rule states that "[a] subsequent case or application filed by a *pro se*

---

[1] While Plaintiff argues that this case should be reassigned, he has not claimed that the Court has any conflict in deciding this matter nor is the Court aware of such a conflict. Similarly, Plaintiff has not argued that the Court's decision was based on a substantive error.

plaintiff shall, where feasible and within the appropriate vicinage, be assigned to the District Judge

to whom the first prior case or application of the plaintiff was assigned." L. Civ. R. 40.1(c).

The Supreme Court has indicated that its "'approach to Fifth Amendment equal protection

claims has always been precisely the same as to equal protection claims under the Fourteenth

Amendment.'" *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 217 (1995) (quoting

*Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975)). In general, official action is "presumed

to be valid and will be sustained if the classification drawn . . . is rationally related to a legitimate

state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). Where

classifications are made on the basis of race, alienage, or national origin, however, a heightened

standard of review is appropriate because "[t]hese factors are so seldom relevant to the

achievement of any legitimate state interest that laws grounded in such considerations are deemed

to reflect prejudice and antipathy[.]" *Id.* Similarly, "classifications based on gender also call for

a heightened standard of review" because "[t]hat factor generally provides no sensible ground for

differential treatment." *Id.* Plaintiff has provided no authority, and the Court is aware of none,

holding that a person's status as a *pro se* litigant is a suspect class or otherwise requires that Rule

40.1(c) be subject to heightened scrutiny. Indeed, other courts around the country have found that

alleged discrimination on the basis of *pro se* status is subject only to rational basis review. *See*

*Posr v. Dolan*, No. 02-0659, 2003 WL 22203738, at *4 (S.D.N.Y. Sept. 23, 2003) ("Unlike

classifications based on race, alienage, national origin, and gender, *pro se* litigants have never been

regarded as a suspect class. Consequently, statutes and rules which single out *pro se* litigants do

not warrant strict or even intermediate scrutiny."); *Wolfe v. George*, 486 F.3d 1120, 1126 (9th Cir.

2007) ("Frequent *pro se* litigants are not a suspect class meriting strict scrutiny."); *Grundstein v.*

*Ohio*, No. 1:06-2381, 2006 WL 3499990, at *7 (N.D. Ohio Dec. 5, 2006) ("*Pro se* litigants are not

3

a suspect class[.]"); *Liptak v. Banner*, No. 3:01-0953, 2002 WL 378454, at *5 (N.D. Tex. Mar. 7,

2002) ("[*P*]*ro se* litigants do not constitute a suspect class for purposes of equal protection.").  This

Court agrees—there is no basis on which to find that rules which differentiate on the basis of *pro*

*se* status must be subjected to heightened scrutiny.

Plaintiff argues that the law must be analyzed under strict scrutiny because proceeding *pro*

*se* is a fundamental right.  The Supreme Court has recognized that the right of a *criminal defendant*

to proceed *pro se* is protected by the Sixth Amendment.  *Faretta v. California*, 422 U.S. 806, 819

(1975).  Plaintiff has not provided any authority demonstrating that a similar constitutional right

applies in civil cases.  *See O'Reilly v. New York Times Co.*, 692 F.2d 863, 867 (2d Cir. 1982)

(stating that while the right to self-representation in civil cases is "a right of high standing," it does

"not enjoy[] the constitutional protection . . . afforded to the right of self-representation in criminal

cases").  And while access to the courts is a fundamental right, *Bounds v. Smith*, 430 U.S. 817

(1977), an administrative rule concerning which judge a litigant's case is assigned to is not an

infringement on that right.

Thus, the Court will apply rational basis review.  Under rational basis review, Rule 40.1(c)

is constitutional "if there is any reasonably conceivable state of facts that could provide a rational

basis for the classification."  *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) (citing

*Sullivan v. Stroop*, 496 U.S. 478, 485 (1990)).  There is, of course, a rational basis for Rule

40.1(c)—the judge to whom the prior matter was assigned will be more familiar with the *pro se*

litigant, and *vice versa*.  *Pro se* litigants often lack formal legal training and are generally less

sophisticated in the processes of the legal system than an attorney representing a client.  Thus, the

rule serves an efficiency purpose by assigning *pro se* litigants to a judge who is familiar with that

litigant's general level of legal sophistication and by assigning the litigant to a judge whose judicial

preferences and procedures the litigant is aware of.  On this basis, the Court finds that Rule 40.1(c)

passes rational basis review.[2]  *See Sibley v. Obama*, 819 F. Supp. 2d 45, 51 (D.D.C. 2011) (denying

plaintiff's motion for random reassignment of a case, which argued that a rule substantially similar

to Rule 40.1(c) violated due process and equal protection guarantees); *Coulter v. Studeny*, No. 12-

60, 2012 WL 2830029, at *2 (W.D. Pa. July 10, 2012) (holding that "Plaintiff's constitutional

rights have not been violated by the existence or application of" a rule substantially similar to

Local Rule 40.1(c)).

Plaintiff, without citing to any authority in support of this argument, also claims that the

Orders dismissing the Complaint, D.E. 3, D.E. 4, should be vacated.  Plaintiff claims that (1) it

was inappropriate for the Court to act *sua sponte*, and (2) that even acting *sua sponte*, it was only

appropriate for the Court to dismiss the class allegations, not the entire Complaint.

First, the Court acted *sua sponte* pursuant to explicit authority granted by Congress.  Where

a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court

determines that . . . the action . . . is frivolous or malicious" or "fails to state a claim on which

relief may be granted."  28 U.S.C. § 1915(e)(2).  After a plaintiff is found to qualify for *in forma*

*pauperis* status based on their financial position, "the court *must decide* whether the complaint is

legally frivolous or *otherwise eligible for sua sponte dismissal* under § 1915(e)."  *Rogers v. United*

---

[2] Plaintiff raises various arguments as to why he believes Rule 40.1(c) is poor policy.  For instance, Plaintiff claims that the rule encourages "gamesmanship," and undermines public confidence in this Court.  D.E. 3 at 3-6.  Because the Court's analysis is limited to finding a rational basis for the Rule, it does not reach these additional arguments.  *See Beach Commc'ns*, 508 U.S. at 313 (noting that judicial review of an equal protection claim "is not a license for courts to judge the wisdom, fairness, or logic" of the challenged action).  While the Court is at all times concerned with the fair and impartial administration of justice, Plaintiff again fails to cite any binding authority as to how the rule interferes with such administration.

*States*, 248 F. App'x 402, 403 (3d Cir. 2007) (emphasis added) (citation omitted).  Thus, the Court's *sua sponte* dismissal was appropriate.

As to Plaintiff's second argument, the Court dismissed the Complaint without prejudice and afforded Plaintiff thirty days to cure the deficiencies noted in its Opinion and Order.  D.E. 3. Plaintiff was free to amend his pleading to remove the class allegations and proceed individually. In fact, the Court instructed him as such, stating "[i]f Plaintiff continues *pro* se, the amended complaint must be brought on behalf of Plaintiff individually and not on behalf of a putative class." D.E. 3 at 9.  Plaintiff chose not to amend at all with full awareness of the consequences—dismissal with prejudice.  While an ordinary *pro se* litigant might be treated more liberally, Plaintiff states that he is a licensed attorney.  D.E. 1 ¶ 5; D.E. 5 (Declaration of Robert Doyle).  As noted above, Plaintiff offers no reason for his failure to amend the Complaint in a timely manner, and he provides no sufficient basis in law or fact to vacate the Orders of dismissal.

Accordingly, for the foregoing reasons, and for good cause shown,

IT IS on this 28th day of November 2022,

**ORDERED** that Plaintiff's motion to reassign the case or to vacate the orders of dismissal, D.E. 5, is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Plaintiff by regular mail and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.

6